COOLEY LLP
CHRISTOPHER J. SUNDERMEIER (166126)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Plaintiff
ERIC DI BENEDETTO

FILED
2011 AUG -9 P 3:14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 11 3909

| | |
|---|---|
| ERIC DI BENEDETTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LORUM IPSUM ASSOCIATES I, LLC, a Delaware limited liability company, FRANK MAZZOLA, an individual, and FELIX INVESTMENTS, INC., New York Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND PROMISSORY FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eric Di Benedetto ("Plaintiff") complains in this action against defendants Lorum Ipsum Associates I, LLC, Frank Mazzola, and Felix Investments, Inc. (collectively, "Defendants") as follows:

**NATURE OF ACTION**

1. This action arises out of the Defendants' fraudulent promise to purchase stock held by plaintiff Eric Di Benedetto in a privately held company.[1] Defendants entered into a valid and binding written agreement to purchase stock in the Company for $800,000 ("Stock Transfer

---

[1] The name of the company has been withheld due to confidentiality obligations set forth in the Stock Transfer Agreement at issue. In this Complaint, the company at issue will simply be referred to as the "Company."

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

963658 v1/HN

1.

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC
PERFORMANCE AND PROMISSORY FRAUD

Agreement"). Nevertheless, the Defendants have failed and refused to pay the amounts due and owing to Plaintiff pursuant to the Stock Transfer Agreement. Accordingly, Plaintiff brings this complaint for breach of contract and promissory fraud, seeking specific enforcement of the Stock Transfer Agreement, prejudgment interest and attorneys' fees against all the Defendants.

## **PARTIES**

2.  Plaintiff Eric Di Benedetto is and at all times mentioned herein was an individual with his residence in Marin County, California.

3.  Plaintiff is informed and believes, and thereupon alleges, that defendant Lorum Ipsum Associates I LLC ("Lorum Ipsum") is and at all times mentioned herein was a limited liability company organized and existing under the laws of Delaware with its principal place of business at 17 State Street, New York, NY. Lorum Ipsum is an investment vehicle established by defendants Felix Investments and Frank Mazzola.

4.  Plaintiff is informed and believes, and thereupon alleges, that defendant Felix Investments Inc. ("Felix Investments") is and at all times mentioned herein was a corporation organized and existing under the laws of New York with its principal place of business at 17 State Street, New York, NY. Felix Investments is a boutique private equity firm founded in June 2008.

5.  Plaintiff is informed and believes, and thereupon alleges, that defendant Frank Mazzola is and at all times mentioned herein was an individual living in New York. Mr. Mazzola is a manager for Defendant Lorum Ipsum and a partner and CEO of Felix Investments.

6.  Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, were the agents, servants, and employees of their Co-Defendants, and in doing the things hereinafter alleged, were acting in the scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants.

7.  Plaintiff is informed and believes, and on that basis alleges, that defendants Felix Investments and Frank Mazzola (the "Alter Ego Defendants"), and each of them individually, were the alter egos of the investment entity set up by Mazzola and Felix Investments, defendant Lorem Ipsum. Upon information and belief, the defendants used an undercapitalized entity, that

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

963658 v1/HN

2.

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC
PERFORMANCE AND PROMISSORY FRAUD

1 was controlled by, shares an address and management with, the Alter Ego Defendants as a shell to
2 facilitate a purchase of stock from the Plaintiff. Upon information and belief, at all times herein
3 mentioned, there existed a unity of interest and ownership between the defendants, such that any
4 individuality and separateness between the defendants ceased, such that Defendant Lorem Ipsum
5 is the alter ego of the Alter Ego Defendants. Adherence to the fiction of the separate existence of
6 Lorem Ipsum as an entity distinct from the Alter Ego Defendants would permit an abuse of the
7 limited liability company privilege and would sanction fraud or promote injustice in that this
8 entity has been used for an improper purpose and, at the direction of and under the control of the
9 Alter Ego Defendants, incurred and then failed to meet obligations to Plaintiff.

## VENUE, JURISDICTION, AND APPLICABLE LAW

8. This Court has original jurisdiction in this matter under 28 U.S.C. § 1332(a) because the plaintiff is a citizen of California and defendants are citizens of New York and Delaware and the amount in controversy exceeds $75,000. Further, the parties agreed to subject themselves to the jurisdiction of this court pursuant to section 10.3 of the Stock Transfer Agreement. Section 10.3 of the Stock Transfer Agreement provides as follows: "The parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the federal or state courts located in the Northern District of California for the purpose of any suit, action or other proceeding arising out of or based upon this Agreement, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Agreement except in the federal or state courts located in the Northern District of California, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court.

9. Venue is proper in this Court under 28 U.S.C. § 1391(d) because Defendants submitted to this Court's jurisdiction pursuant to section 10.3 of the Stock Transfer Agreement.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

963658 v1/HN 3.

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC
PERFORMANCE AND PROMISSORY FRAUD

Venue is also proper in this court because the Defendants' acts were targeted at California, the stock purchase at issue was from a California corporation, and a substantial portion of the performance of the agreement at issue took place in California.

## ALLEGATIONS

10. On or about July 8, 2011, Plaintiff and the Defendants entered into a written contract for the purchase of shares of Series A stock in the Company for a total of $800,000.

11. Section 2 of Stock Transfer Agreement contemplated an immediate closing with payment due at the time of the execution of the agreement. The language of the closing provision states that the "Purchaser hereby delivers to Seller: (a) a duly authorized and executed copy of this Agreement, and (b) a check for the aggregate Purchase Price of the Shares, made payable to Seller, or a wire transfer of immediately available funds to an account designated by the Seller."

12. To date, however, Defendants have failed and refused to make the payment of $800,000 for the stock as required under the Stock Transfer Agreement and have therefore breached the Stock Transfer Agreement.

13. The Stock Transfer Agreement provides that the agreement may be specifically enforced. Section 10.13 of the agreement provides as follows: "**Specific Performance**. Unless this Agreement has been terminated, each party to this Agreement acknowledges and agrees that any breach by it of this Agreement shall cause any (or either) of the other parties irreparable harm which may not be adequately compensable by money damages. Accordingly, except in the case of termination, in the event of a breach or threatened breach by a party of any provision of this Agreement, each party shall be entitled to seek the remedies of specific performance, injunction or other preliminary or equitable relief, without having to prove irreparable harm or actual damages. The foregoing right shall be in addition to such other rights or remedies as may be available to any party for such breach or threatened breach, including but not limited to the recovery of money damages."

14. The Stock Transfer Agreement further provides "If any party to this Agreement seeks to enforce its rights under this Agreement by legal proceedings against any other party to this Agreement, the non-prevailing party or parties named in such legal proceedings shall pay all

1  costs and expenses incurred by the prevailing party or parties, including, without limitation, all
2  reasonable attorneys' fees."

### FIRST CAUSE OF ACTION

**(Breach Of Contract/Specific Performance – Against All Defendants)**

5  **15.**  Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through
6  14, inclusive, of this complaint as though fully set forth herein.

7  **16.**  As described more fully above, Plaintiff and Defendant Lorem Ipsum by and
8  through and at the direction of the Alter Ego Defendants entered into the Stock Transfer
9  Agreement on July 8, 2011. As of July 8, 2011, the Stock Transfer Agreement was fully
10 executed along with any ancillary documents. The only action remaining to be taken at that time
11 was delivery of payment by Defendants.

12 **17.** The Defendants breached the Stock Transfer Agreement by, among other things,
13 failing to pay the amounts due and owing to Plaintiff under the Stock Transfer Agreement.

14 **18.** Plaintiff has demanded payment of the amounts owed under the Stock Transfer
15 Agreement, but to date the Defendants have failed and refused to make payment as required by
16 the terms of the contract.

17 **19.** Plaintiff has performed all conditions, covenants, obligations and promises in
18 accordance with the terms of the Stock Transfer Agreement except those conditions, covenants,
19 obligations and promises it was prevented or excused from performing.

20 **20.** As a direct and proximate result of the Defendants' breach of the Stock Transfer
21 Agreement, Plaintiff has been damaged in the amount of at least $800,000, plus prejudgment
22 interest at the legal rate of 10% per annum, plus additional expenses incurred in connection with
23 this transaction, including legal fees incurred in connection with the transfer, a transfer fee paid to
24 the Company, a broker fee, and legal fees incurred in connection with commencing this action.

25 **21.** As alleged hereinabove, the Stock Transfer Agreement expressly provides for
26 Specific Performance of the agreement as an agreed upon remedy. Accordingly, in this action,
27 Plaintiff seeks an order requiring the Defendants to perform the Stock Transfer Agreement by

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
PALO ALTO

963658 v1/HN

5.

COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC
PERFORMANCE AND PROMISSORY FRAUD

1  paying $800,000 to Plaintiff, and to recover the additional damages and legal fees referenced above.

## SECOND CAUSE OF ACTION

### (Promissory Fraud – Against All Defendants)

22. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21, inclusive, of this complaint as though fully set forth herein.

23. Defendants, and each of them, engaged in fraud to induce the Plaintiff to enter into the Stock Transfer Agreement. At the time the Defendants entered into the Stock Purchase Agreement on July 8, 2011 and prior to that date the Defendants had no intention of performing that agreement which provided for immediate payment of the $800,000 stock purchase price. On or about August 5, 2011, Felix Investments Vice President John Bivona affirmatively represented to counsel for Plaintiff that Felix Investments and Lorem Ipsum Associates did not have the money to meet this obligation at the time they entered into the Stock Transfer Agreement and therefore could not have intended to make payment when payment was due.

24. As a direct and proximate result of the Defendants' actions, Plaintiff has been damaged in an amount to be proved at trial but in excess of the jurisdictional limits of this court, plus interest at the legal rate, and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order of Specific Performance requiring Lorum Ipsum Associates I, Inc. and/or its alter egos defendants Frank Mazzola and Felix Investments, Inc. to perform the Stock Transfer Agreement and pay the amount of $800,000 to Plaintiff Di Benedetto;

2. That the Defendants, and each of them, be ordered to pay prejudgment interest from the date of breach at the statutory rate of 10% per annum on all amounts due and unpaid;

3. That the Defendants, and each of them, be ordered to pay additional damages in an amount subject to proof at trial;

4.  That the Defendants, and each of them, be ordered to pay the costs, expenses, and attorneys' fees incurred in this action; and

5.  For such other and further relief as the Court deems just and proper.

Dated: August 9, 2011

Respectfully submitted,

COOLEY LLP
CHRISTOPHER J. SUNDERMEIER (166126)

By /s/ Christopher Sundermeier
Christopher Sundermeier

Attorneys for Plaintiff
ERIC DI BENEDETTO

## DEMAND FOR JURY

Plaintiff Mr. Di Benedetto, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury of any issue herein triable of right by a jury.

Dated: August 9, 2011

                                              COOLEY LLP
                                              CHRISTOPHER J. SUNDERMEIER (166126)

                                              By: _____
                                                           Christopher Sundermeier

                                              Attorneys for Plaintiff
                                              ERIC DI BENEDETTO